UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

```
-----------------------------------------------x
THAD TATUM                              :
an individual,                          :        CASE NO.:
                                        :
            Plaintiff,                  :
                                        :        Judge:
vs.                                     :
                                        :
JUNG REALTY CO., INC.                   :
                                        :        Magistrate:
a Louisiana Corporation,                :
                                        :
            Defendant.                  :
-----------------------------------------------x
```

## COMPLAINT

Plaintiff, THAD TATUM, by and through his undersigned counsel, hereby files this Complaint and sues JUNG REALTY CO., INC., a Louisiana Corporation, for declaratory and injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b).

3. Plaintiff, THAD TATUM, (hereinafter referred to as "MR. TATUM" or "PLAINTIFF"), is

1

a resident of Orleans Parish, Louisiana.

4.    MR. TATUM is a qualified individual with a disability under the ADA.  MR. TATUM is

afflicted with parapalegia.

5.    Due to his disability, PLAINTIFF is substantially impaired in several major life activities and

requires a wheelchair for mobility.

6.    Upon information and belief, Defendant, is a Louisiana corporation (hereinafter referred to

as "DEFENDANT").  DEFENDANT is the owner, lessee, lessor and/or operator of the real

properties and improvements which is the subject of this action, to wit: Popeye's Restaurant,

generally located at 3100 S. Carrollton Avenue, New Orleans, LA 70118.    The

DEFENDANT is obligated to comply with the ADA.

7.    All events giving rise to this lawsuit occurred in the Eastern District of Louisiana, Orleans

Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE
## AMERICANS WITH DISABILITIES ACT

8.    PLAINTIFF realleges and reavers Paragraphs 1 - 7 as if they were expressly restated herein.

9.    The Property is a place of public accommodation, subject to the ADA, generally located at:

3100 S. Carrollton Avenue, New Orleans, LA 70118.

10.    MR. TATUM has visited the Property and plans to visit the Property again in the near

future.

11.    During his visit, MR. TATUM experienced serious difficulty accessing the goods and

utilizing the services therein due to the architectural barriers as discussed in paragraph 14 of

2

this Complaint.

12.   MR. TATUM continues to desire to visit the Property, but continues to experience serious difficulty due to the barriers discussed in Paragraph 14 which still exist.

13.   MR. TATUM intends to and will visit the Property to utilize the goods and services in the future, but fears that he will encounter the same barriers to access which are the subjects of this action.

14.   DEFENDANT is in violation of 42 U.S.C. § 12181 et seq. and 28 C.F.R. § 36.302 et seq. and is discriminating against PLAINTIFF due to, but not limited to the following violations which PLAINTIFF personally observed and/or encountered which hindered her access:

  A.   The accessible parking spaces are improperly dispersed and marked;

  B.   The signs designating disabled use spaces are improperly posted;

  C.   The disabled parking spaces are not the proper width and do not have appropriate access aisles;

  D.   There is no compliant accessible route from the parking areas to the facility;

  E.   There is no compliant accessible route from the street to the facility;

  F.   There are ramps at the facility that do not have level landings, have the proper surfacing and contain excessive slopes; and

  H.   The restrooms in the facility are non-compliant.

15.   Furthermore, DEFENDANT continues to discriminate against PLAINTIFF, and others similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to provide PLAINTIFF an equal opportunity to participate in, or benefit from, the goods, services, facilities, privileges,

3

advantages, and accommodations which DEFENDANT offers to the general public; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

16.    To date, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

17.    Removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

19.    Removal of the barriers to access located on the Property would provide PLAINTIFF an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which DEFENDANT offers to the general public.

20.    Independent of his intent to return as a patron to the Property, PLAINTIFF additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

21.    PLAINTIFF has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  PLAINTIFF is entitled to have his reasonable attorneys' fees, costs, and expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT, and requests the following injunctive and declaratory relief:

A.    That this Court Declare that the Property owned, leased and/or operated by

4

DEFENDANT is in violation of the ADA;

B.    That this Court enter an Order directing DEFENDANT to alter the facility to make
it accessible to and useable by individuals with disabilities to the full extent required
by Title III of the ADA;

C.    That this Court enter an Order directing DEFENDANT to evaluate and neutralize its
policies, practices, and procedures towards persons with disabilities for a reasonable
amount of time, allowing implementation and completion of corrective procedures;

D.    That this Court award reasonable attorneys' fees, costs (including expert fees), and
other expenses of suit, to PLAINTIFF; and

E.    That this Court award such other and further relief as it deems necessary, just and
proper.

Respectfully Submitted,

THE BIZER LAW FIRM
Attorneys for Plaintiff
Andrew D. Bizer (LA # 30396)
andrew@bizerlaw.com
757 St. Charles Ave., Suite 304
New Orleans, Louisiana 70130
T: 504-619-9999
F: 504-592-3300

By:_____
Andrew D. Bizer